UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEREMEY RODERICK MARTIN, D-2.,

Defendant.
_____/

Case No. 22-20336
Honorable Victoria A. Roberts
Honorable Kimberly G. Altman

**ORDER DENYING DEFENDANT'S
MOTION FOR REVIEW OF THE MAGISTRATE JUDGE'S DETENTION
ORDER AND PRAYER FOR PRETRIAL RELEASE
[ECF No. 30]**

I. **INTRODUCTION**

Before the Court is Jeremy Martin's Motion to Revoke Magistrate Judge Kimberly Altman's Order of Pretrial Detention [ECF No. 30]. A hearing on his motion is unnecessary.

The Court **DENIES** Martin's motion.

II. **BACKGROUND**

Martin is charged by Indictment with one count of Conspiracy to Commit Bank Robbery and one count of Bank Robbery; Aiding and Abetting. These charges stem from Martin's involvement in 15 bank robberies spanning across Michigan, Indiana, Ohio, New York, and Pennsylvania.

1

Police took Martin into custody on June 6, 2022, following a bank robbery in Clairsville, Ohio. Martin served as the getaway driver while his co-defendant robbed the bank. Once Martin and the co-defendant took off in a silver Nissan, police issued a Be On the Look Out ("BOLO") alert for the car. Shortly after, officers located Martin driving the getaway car and ordered him to stop. Martin did not comply; a chase ensued. Martin led police on a 40-mile pursuit reaching speeds of over 100 miles per hour. He drove erratically while attempting to flee and caused an accident between other motorists.

When Martin drove from a highway to a residential street, police positioned themselves and a truck in front of him to block his vehicle and end the pursuit. Martin dove directly towards officers. Officers shouted at Martin to stop, but he did not comply. Martin continued to drive towards officers, causing one to discharge his weapon out of concern for his and his partner's safety.

Following this standoff, Martin crashed the getaway car. Officers arrested him and his co-defendant without further incident [ECF No.1].

According to the complaint, Martin acted as the getaway driver for this robbery and 14 others. Cell phone data shows that Martin and his co-defendant were the only two in the area around multiple banks at the times

and dates of the robberies. Historical data from Martin's cell phone also shows he traveled from his home state of Ohio to areas near the robberies.

On June 30, 2022, Martin appeared at a removal hearing in the Southern District of Ohio. At the hearing, Magistrate Judge Chelsey Vascura removed this case to the Eastern District of Michigan.

Once transferred, pretrial services prepared a written bail report recommending detention. It cited Martin's lack of connections in this district and found that he was a flight risk. The report included his criminal history, which highlights Martin's repeated failure to appear in court and comply with terms of supervision.

On July 5, 2022, Magistrate Judge Kimberly Altman held a detention hearing. After reviewing the pretrial services report and hearing the parties' arguments, Magistrate Judge Altman ordered Martin's detention until trial. She found that Martin was a flight risk and that no combination of conditions would reasonably ensure his appearance at trial. [ECF No. 21, PageID.35]. Magistrate Judge Altman lists the following reasons for the detention order:

1. Martin is linked to multiple bank robberies across 5 states in a few months time;
2. He was arrested for the instant offenses only after leading officers on a high-speed chase endangering the public and the officers involved;
3. He has a history of failing to appear, 7 times since 2013;
4. He was on probation at the time of the instant offenses;
5. While he has a job and stable residence, he has no ties to this District.

In the detention order, Judge Altman identified the following factors by checkmark as reasons for detention: the weight of evidence against Martin is strong; he is subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in illegal activity while on probation, parole or supervision; his lack of significant ties to this district; his prior failure to appear in court as ordered; and his prior violations of probation parole, or supervised release. [ECF No. 21, PageID.35].

Martin now seeks revocation of the detention order.

### III. Standard of Review

This Court reviews a defendant's appeal of a detention order *de novo. United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In reviewing the appeal, this Court has great latitude in deciding whether to conduct a new hearing or review transcripts of the proceedings conducted before the Magistrate Judge. *United States v. Cureton*, No. 12-20287, 2013 WL 4496276, at *1 (E.D. Mich. Aug. 21, 2013)." For its *de novo* review, this Court considers the exhibits, testimony, and proffers introduced at the detention hearings.

Pretrial detention is governed by the Bail Reform Act. 18 U.S.C. § 3142(e). The Act sets out the "default rule of the law": a person charged with an offense should be released pending trial. *United States v. Stone*, 608 F.3d

939, 945 (6th Cir. 2010). To apply this default rule and release a defendant, the court must be reasonably assured that he will appear at the next court date and will not pose a danger to others. *United States v. Tawfik*, 852 F. App'x 965 (6th Cir. 2021). A detention order is proper if after a hearing the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

## IV.   ANALYSIS

Martin says that given the information available at the time of the detention hearing, Magistrate Judge Altman's order is proper. However, Martin argues that the new character evidence he presents reduces flight risk.

The Government argues that Martin is charged with serious offenses and attempted to flee before he was detained. The Government says that these facts, and Martin's history of nonappearance, demonstrate that no combination of conditions will ensure his appearance at trial. [ECF No.31, Page 149-50].

The factors the Court must consider in determining whether to release a defendant pending trial are outlined in 18 U.S.C. § 3142(g). They include "the nature and circumstances of the offense charged, the weight of the

evidence [of dangerousness and flight] against the person, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person's release." *United States v. Hoskins*, 181 F.3d 105 (6th Cir. 1999). *See also Stone,* 608 F.3d 939 at 948.

The factors weigh in favor of Martin's continued detention.

First, the nature of Martin's charged offenses are serious. Martin faces charges stemming from 15 bank robberies across 5 states. He faces significant prison time if convicted.

The circumstances of the offenses are also troubling. According to the indictment, Martin and his co-defendant committed 15 bank robberies in just a few months. The robberies only stopped once they were arrested. Additionally, several bank robberies occurred near schools, causing lockdowns. Martin and his co-defendant also caused bank employees to fear for their safety.

Next, there is evidence of Martin's dangerousness and extensive evidence of his flight risk. Martin's attempt to flee at high speeds on highways and through residential areas shows that he can be a danger to the community. His criminal history demonstrates he is a significant flight risk. And Martin has failed to appear for cases 7 times since 2013 while on pretrial release.  The Court acknowledges that most of Martin's past crimes are not

serious; however, his failure to appear suggests that when given the opportunity, Martin will disregard orders of courts.

The Court finds that Martin presents a significant danger to the public. All of his history and characteristics also weigh in favor of detention.

Martin's mother offered to be his third-party custodian if he is released. The Court finds that she would not be a suitable third-party custodian. Martin has lived with his mother his whole life, and it has not deterred him from failing to appear or attempting to flee. Additionally, his mother, grandmother, and uncle provided letters attesting to his character. While these letters suggest that Martin is not dangerous and should be released, Martin has shown a propensity to put others in harms way. Moreover, his record demonstrates he is a flight risk.

## V. CONCLUSION

The Court **DENIES** Martin's motion to revoke Magistrate Judge Altman detention order. [ECF No. 30].

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: November 2, 2022